## FIEBER AND REILLY *v.* ENTWISTLE.

[No. 12,866. Filed June 17, 1927.]

MASTER AND SERVANT.—*Evidence held sufficient to establish that claimant for compensation was not independent contractor and that his injury arose out of and in course of employment.*— In a proceeding before the Industrial Board for compensation for an injury received while doing some work on rental property, evidence that claimant was a repair man for a real estate firm that looked after rental properties for its clients and frequently employed him to make repairs to such properties, that he was injured while repairing a property that had the firm's rent card on it, which was in the neighborhood to which he had been sent to make repairs for the firm, was sufficient to establish the fact that he was not an independent contractor and that his injury arose out of and in the course of his employment.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by John E. Entwistle for compensation for injury received while employed by the appellants, Fieber and Reilly. From an award for claimant, the employers appeal. *Affirmed.* By the court in banc.

*Samuel D. Miller, Frank C. Dailey, William H. Thompson, Albert L. Rabb, Thomas D. Stevenson, Perry E. O'Neal* and *Sidney S. Miller,* for appellants.

*White & Wright,* for appellee.

NICHOLS, J.—This is an appeal from an award of the Industrial Board giving compensation to appellee for the loss of an eye. Appellants contend that appellee was not an employee, but an independent contractor, and that his injury did not arise out of and in due course of his employment.

The evidence in this case clearly shows that appellants are engaged in a general real estate and rental business; that in the course of such business, they keep in repair and in shape for living the properties of their clients; that they do not render this service gratuitously, but are doing it for profit; that, for five or six years, appellee, who is a carpenter repair man, had done their repair work for them and, for that purpose, had gone to their office daily for work, and, by custom, the practice of appellants' rental manager was to make notes of complaints from tenants relative to leaky roofs, leaky weather-boarding, etc., and to give these slips to appellee each morning when he called at their office; that appellee would then go to the address showing on the slip and inspect the defect, get the needed material and make the repairs, for which service he was paid for his time at the rate of seventy-five cents per hour, and was reimbursed for the material he had paid for; that on the morning of December 24, 1925, he called at appellants' office according to custom and was given a slip reading

"617 E. Wabash some weather boarding," and he drove out on East Wabash street, and, in the 600 block, while looking for the house, a man came out of a double house and asked appellee if he had come to repair weather-boarding, and on being informed by appellee that such was his mission, this man remarked that a lady was ill there and he was glad it was to be fixed; that appellee saw on this house a "For Rent" card bearing appellants' name and also saw three strips of rotted weather-boarding on the front; consequently, he went to work making repairs on the house, and, while so doing, he lost an eye; that this house bore no number. He had done repair work on this house for appellants before and met with an accident there, breaking his arm. Later, appellee learned that 617 East Wabash street was across the street from the house where he was working when injured. Testifying with reference to this house upon which he was working when injured, appellee answered questions as follows:

"Do you know as to whether or not Fieber and Reilly had any connection with it? Absolutely, because they had a 'for rent' sign on it. You also saw that the weather-boarding needed repairing? Yes, several times they would tell me that when anything looks like it needed to be repaired, to go ahead and do it."

Under all these facts, we hold that appellee was not an independent contractor, but was an employee of appellants, and the accident resulting in the injury arose out of and in the course of appellee's employment with appellants.

Award affirmed.